CLERK US DISTRICT COURT
NORTHERN DIST OF TX
FILED

**IN THE UNITED STATES DISTRICT COURT** FEB 18  PM 2: 49
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

DEPUTY CLERK_____ N7

| | | |
|---|---|---|
| SMITH'S CONSUMER PRODUCTS, INC., d/b/a Smith Abrasives, Inc., | § § § | |
| Plaintiff, | § | |
| v. | § § | Civil Action No: _____ |
| FORTUNE PRODUCTS, INC., | § § | **3-14CV0627-N** |
| Defendant. | § § § | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT, TRADE DRESS, AND COPYRIGHT INFRINGEMENT

Plaintiff Smith's Consumer Products, Inc., d/b/a Smith Abrasives, Inc. ("Smith's") files this complaint for patent, trade dress, and copyright infringement against Defendant Fortune Products Inc. ("Fortune") and alleges as follows:

### PARTIES

1.     Smith's is a corporation organized under the laws of the State of Delaware, with its principal place of business at 747 Mid-America Blvd., Hot Springs, Arkansas, 71913.

2.     Fortune is a corporation organized under the laws of the State of Texas, with its principal place of business at 2010 Windy Terrace, Suite A, Cedar Park, Texas, 78613. Smith's may be served with process by serving its registered agent, Gerald Cavanaugh, at 704-A Fifth Street, Marble Falls, TX 78654.

### JURISDICTION AND VENUE

3.     This is an action for patent, copyright, and trademark infringement arising under laws of the United States; specifically, 35 U.S.C. §§ 271 *et seq.*, 15 U.S.C. §§ 1051, *et seq.*, and

17 U.S.C. §§ 101, *et seq*. Therefore, this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.   This Court has personal jurisdiction over Fortune because it is a Texas corporation.  Upon information and belief, Fortune is offering its products for sale in this judicial district.

5.   Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2), as well as 28 U.S.C. § 1400 because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## FACTUAL BACKGROUND

**A.   U.S. Patent No. 8,512,105**

6.   On August 20, 2013, U.S. Patent No. 8,512,105 ("the '105 Patent") was duly and legally issued to Richard S. Smith.  A copy of the '105 Patent is attached as **Exhibit A**.

7.   The title of the '105 Patent is "Abrasive Sharpener."

8.   The '105 Patent designates Smith's as assignee. Smith's is the owner, and at all times material hereto has been the owner, of all right, title and interest in and to the '105 Patent, including the right to sue and recover damages for past infringement of the patent.

9.   Fortune has been importing, offering to sell, and/or selling within the United States "Accusharp" handheld abrasive sharpeners ("Fortune's Handheld Sharpeners"). Representative samples of Fortune's Handheld Sharpeners are attached as **Exhibit B**.

10.   Fortune received correspondence dated September 6, 2013 from Smith's, notifying it of the '105 Patent and infringement concerns regarding Fortune's Handheld Sharpeners.  A true and correct copy of this letter is attached as **Exhibit C**.

11.     Fortune received a second letter from counsel for Smith's regarding infringement of the '105 Patent on October 4, 2013. A true and correct copy of this letter is attached as **Exhibit D**.

12.     Following receipt of these letters, Fortune has continued to import, offer to sell, and/or sell Fortune's Handheld Sharpeners.

**B.     U.S. Patent No. 7,553,220**

13.     On June 30, 2009, U.S. Patent No. 7,553,220 ("the '220 Patent") was duly and legally issued to Richard S. Smith. A copy of the '220 Patent is attached as **Exhibit E**.

14.     The title of the '220 Patent is "Retractable Abrasive Sharpener and Carrying Case."

15.     The '220 Patent designates Smith's as assignee. Smith's is the owner, and at all times material hereto has been the owner, of all right, title and interest in and to the '220 Patent, including the right to sue and recover damages for past infringement of the patent.

16.     Fortune has been importing, offering to sell, and/or selling within the United States "Accusharp" retractable abrasive sharpeners with carrying cases ("Fortune's Retractable Sharpeners"). Representative samples of Fortune's Retractable Sharpeners are attached as **Exhibit F**.

**C.     Packaging of Fortune's Retractable Sharpeners**

17.     Smith's sells and distributes retractable abrasive sharpeners with carrying cases ("Smith's Retractable Sharpeners").

18.     Smith's Retractable Sharpeners are sold in distinctive packaging: the top of the packaging is black, followed by a horizontal plane and red below the plane. The packaging contains white and yellow lettering. Smith's Retractable Sharpeners are displayed in two pieces

in the packaging (*i.e.*, the sharpening rod is separate from the carrying case) ("Smith's Packaging"). A photo of Smith's Packaging is attached as **Exhibit G**.

19.     Smith's has extensively and continuously sold products packaged as described in paragraph 18 throughout the United States for more than five years, and first began using the red and black packaging scheme for products at least as early as 2000.

20.     As a result of Smith's aforementioned long and extensive promotion and sale, the distinctive styling and look and feel of Smith's packaging has acquired recognition by the trade and consuming public as representing products originating solely with Smith's.

21.     Fortune's Retractable Sharpeners are sold in packaging replicating Smith's packaging: the top of the packaging is black, followed by a horizontal plane and red below the plane. The packaging contains white and yellow lettering. Fortune's Retractable Sharpeners are displayed in the packaging in one piece (*i.e.*, the sharpening rod is inside the carrying case), but the packaging contains an image of the sharpening rod in a similar position as the sharpening rod in the packaging for the Smith's Retractable Sharpener ("Fortune's Packaging"). A photograph of Fortune's Packaging is attached as **Exhibit H**.

22.     Fortune's Packaging is nearly identical to and confusingly similar with Smith's Packaging.

**COUNT I**
**Infringement of the '105 Patent**

23.     Smith's realleges and incorporates by reference the preceding paragraphs of the complaint.

24.     Fortune has been and is infringing one or more claims of the '105 Patent in violation of 35 U.S.C. § 271(a) by, without authority, importing, offering to sell, and/or selling Fortune's Handheld Sharpeners.

25.     Fortune's infringement of the '105 Patent is, has been, and continues to be willful and deliberate.

26.     Fortune will continue to infringe the '105 Patent unless enjoined by this Court.

27.     Unless Fortune's ongoing infringement of the '105 Patent is enjoined, Smith's will suffer irreparable injury for which there is no adequate remedy at law.

28.     Smith's has been damaged by Fortune's infringing activities and is entitled to an award of damages adequate to compensate for the infringement of the '105 Patent, together with interest and costs.

29.     This is an exceptional case within the meaning of 35 U.S.C. § 285 and Smith's is entitled to recover its reasonable attorneys' fees incurred in this action.

## COUNT 2
## Infringement of the '220 Patent

30.     Smith's realleges and incorporates by reference the preceding paragraphs of the complaint.

31.     Fortune has been and is infringing one or more claims of the '220 Patent in violation of 35 U.S.C. § 271(a) by, without authority, importing, offering to sell, and/or selling Fortune's Handheld Sharpeners.

32.     Fortune's infringement of the '220 Patent is, has been, and continues to be willful and deliberate.

33.     Fortune will continue to infringe the '220 Patent unless enjoined by this Court.

34.     Unless Fortune's ongoing infringement of the '220 Patent is enjoined, Smith's will suffer irreparable injury for which there is no adequate remedy at law.

35.     Smith's has been damaged by Fortune's infringing activities and is entitled to an award of damages adequate to compensate for the infringement of the '105 Patent, together with interest and costs.

36.     This is an exceptional case within the meaning of 35 U.S.C. § 285 and Smith's is entitled to recover its reasonable attorneys' fees incurred in this action.

## COUNT 3
### Trade Dress Infringement under the Lanham Act

37.     Smith's realleges and incorporates by reference the preceding paragraphs of the complaint.

38.     The distinctive styling and look and feel of Smith's Packaging is non-functional.

39.     The distinctive styling and look and feel of Smith's Packaging has acquired recognition by the trade and consuming public as representing products originating solely with Smith's.

40.     The distinctive styling and look and feel of Smith's Packaging has acquired the status of protectable trade dress under Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a).

41.     Fortune's Packaging is likely to cause confusion, mistake, and/or deception as to the origin or source of Fortune's products.

42.     Fortune's Packaging constitutes a false designation of origin and false representation in connection with products entering and affecting interstate commerce and have, and will continue to damage, Smith's in violation of 15 U.S.C. § 1125(a).

## COUNT 4
### Copyright Infringement

43.     Smith's Packaging is copyrightable subject matter under the laws of the United States. *See* 17 U.S.C. § 101 *et seq.*

44.     At all times, Smith's has been the sole proprietor of all rights, title, and interest in and to the copyrights on the Smith's Packaging, with the current package design having been created and on sale since at least as early February 1, 2007.  Smith's has complied in all respects with the Copyright Act, 17 U.S.C. § 101 *et. seq.*, including the requirements under 17 U.S.C. § 411.  Prior to the filing of this lawsuit, Smith's properly submitted all registration materials to the Copyright Office for the works entitled "Red and Black Package Design (front) for Retractable Sharpener" and "Back of Package Design for Retractable Sharpener" (collectively "the Smith's Copyrights"

45.     By publishing and placing on the  market Fortune's Packaging, Fortune is infringing the Smith's Copyrights.

46.     Smith's has been damaged by Fortune's infringing activities and is entitled to an award of damages adequate to compensate for the infringement.

## COUNT 5
## Common Law Trademark Infringement

47.     Smith's realleges and incorporates by reference the preceding paragraphs of the complaint.

48.     The foregoing acts are of Fortune are likely to deceive and cause confusion of the public, and constitute infringement of Smith's rights in and to Smith's trade dress rights, namely the Smith's Packaging, under Texas common law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for:

A.     Judgment that Fortune has infringed U.S. Patent No. 8,512,105;

B.     Judgment that Fortune's infringement of U.S. Patent No. 8,512,105 was and is willful and deliberate;

C.     A permanent injunction enjoining and restraining Fortune, its respective parent(s), subsidiaries and affiliates, and its respective officers, directors, agents, servants, and employees, and all persons acting for, with, through, or in active concert or participation with, it, from infringing, inducing the infringement of, and contributing to the infringement of the claims of U.S. Patent No. 8,512,105;

D.     An award of damages adequate to compensate Plaintiff for Fortune's infringement of U.S. Patent No. 8,512,105;

E.     Judgment that Fortune has infringed U.S. Patent No. 7,553,220;

F.     A permanent injunction enjoining and restraining Fortune, its respective parent(s), subsidiaries and affiliates, and its respective officers, directors, agents, servants, and employees, and all persons acting for, with, through, or in active concert or participation with, it, from infringing, inducing the infringement of, and contributing to the infringement of the claims of U.S. Patent No. 7,553,220;

G.     An award of damages adequate to compensate Plaintiff for Fortune's infringement of U.S. Patent No. 7,553,220;

H.     Judgment that Fortune has infringed on Smith's trade dress rights in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. § 1125(a);

I.     A permanent injunction enjoining and restraining Fortune, its respective parent(s), subsidiaries and affiliates, and its respective officers, directors, agents, servants, and employees, and all persons acting for, with, through, or in active concert or participation with, it, from infringing, inducing the infringement of, and contributing to the infringement of Smith's trade dress;

J.     An award of damages adequate to compensate Smith's for Fortune's trade dress infringement under 15 U.S.C. § 1125(a);

K.     Judgment that Fortune has infringed Smith's copyright under 17 U.S.C. § 501 *et. seq.*;

L.     An award of damages adequate to compensate Plaintiff for Fortune's copyright infringement;

M.     Judgment that Fortune has infringed on Smith's trade dress rights in violation of Texas common law;

N.     An award of damages adequate to compensate Smith's for Fortune's trade dress infringement under Texas common law;

O.    Judgment that Plaintiff recover pre-judgment and post-judgment interest, costs and treble damages under 35 U.S.C. § 284;

P.    Judgment that this is an exceptional case under 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees incurred in this action; and

Q.    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable in this action.

Dated:  February 18, 2013

Terrell R. Miller
Texas Bar No. 24046446
tmiller@gardere.com
Michael W. Dubner
Texas Bar No. 24027291
mdubner@gardere.com

GARDERE WYNNE SEWELL L.L.P.
1601 Elm Street, Suite 3000
Dallas, Texas 75201
Telephone: (214) 999-3000

**ATTORNEY FOR PLAINTIFF
SMITH'S CONSUMER PRODUCTS,
INC.**

# EXHIBIT A

US008512105B2

(12) **United States Patent**     (10) **Patent No.:**     **US 8,512,105 B2**

Smith     (45) **Date of Patent:**     *Aug. 20, 2013

(54) **ABRASIVE SHARPENER**

(75) Inventor: **Richard S. Smith**, Hot Springs, AR (US)

(73) Assignee: **Smith's Consumer Products, Inc.,** Hot Springs, AR (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

This patent is subject to a terminal disclaimer.

(21) Appl. No.: **13/542,327**

(22) Filed: **Jul. 5, 2012**

(65) **Prior Publication Data**

US 2012/0270481 A1     Oct. 25, 2012

**Related U.S. Application Data**

(63) Continuation of application No. 12/005,207, filed on Dec. 26, 2007, now Pat. No. 8,221,199.

(60) Provisional application No. 60/879,832, filed on Jan. 11, 2007.

(51) **Int. Cl.**
**B23F 21/00**     (2006.01)

(52) **U.S. Cl.**
USPC ........... **451/461**; 451/462; 451/552; 451/555; 451/557; 451/558

(58) **Field of Classification Search**
USPC ................. 451/461, 462, 540, 552, 553, 555, 451/557, 558
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 899,213 | A | * | 9/1908 | Fitzgerald ...................... 451/555 |
| 2,994,234 | A | * | 8/1961 | Lizak ................................. 76/86 |
| D241,504 | S | * | 9/1976 | Krusche et al. .................. D8/93 |
| 4,494,340 | A | * | 1/1985 | Carter ............................ 451/555 |
| 4,696,129 | A | * | 9/1987 | Roberts .......................... 451/555 |
| 4,823,498 | A | * | 4/1989 | Banta ............................... 43/25 |
| 5,377,563 | A | * | 1/1995 | Weeks ............................. 76/86 |
| 5,438,757 | A | * | 8/1995 | Weschenfelder .............. 30/139 |
| D375,241 | S | * | 11/1996 | Pigott ............................ D8/93 |
| 5,782,681 | A | * | 7/1998 | Bresnahan ..................... 451/523 |
| D404,278 | S | * | 1/1999 | Gore .............................. D8/93 |
| 6,039,642 | A | * | 3/2000 | Collins ........................... 451/557 |
| 6,059,645 | A | * | 5/2000 | LeVine ........................... 451/557 |
| 6,101,898 | A | * | 8/2000 | Gore et al. ....................... 76/82 |
| 6,949,018 | B2 | * | 9/2005 | Bleier ............................ 451/461 |
| D526,876 | S | * | 8/2006 | Smith ............................. D8/93 |
| D604,135 | S | * | 11/2009 | Smith et al. .................... D8/63 |
| 7,927,185 | B2 | * | 4/2011 | Vandamme et al. ............ 451/9 |
| 7,930,058 | B2 | * | 4/2011 | Bhagavat et al. ............ 700/164 |
| 2005/0221742 | A1 | * | 10/2005 | Su .................................. 451/555 |
| 2006/0111030 | A1 | * | 5/2006 | Harden et al. ................. 451/523 |
| 2006/0211346 | A1 | * | 9/2006 | Morita et al. .................. 451/349 |
| 2008/0039001 | A1 | * | 2/2008 | Evans ............................. 451/558 |

* cited by examiner

*Primary Examiner* — Eileen P. Morgan

(74) *Attorney, Agent, or Firm* — Edward D. Gilhooly

(57)     **ABSTRACT**

A pocket abrasive sharpener having a housing formed with a pair of upper slots and a lower open compartment. A pair of abrasive ceramic stones is mounted in one of the slots to form a V-shaped sharpening edge. Each ceramic stone has at least one flat face to abut an adjacent reversed stone to form the V-shaped sharpening slot. The stone has an abrasive cutting edge formed with a radius for sharpening serrated edges and having abrasives surfaces on both sides of the radius. A pair of abrasive blades having V-shaped carbide cutting edges is mounted in the other of the slots to also form a V-shaped sharpening slot. A tapered abrasive of is pivotally mounted on the housing and is moveable from the compartment to an extended position for sharpening knives and removing pins in certain military and civilian rifles.

**6 Claims, 5 Drawing Sheets**





### FIG.1



### FIG.2



**FIG.3**



**FIG.4**



**FIG.5**



**FIG.6**



**FIG.7**



FIG.8



FIG.9



FIG.10



FIG.11



FIG.12

US 8,512,105 B2

<table>
<tr><td>1</td><td>2</td></tr>
</table>

**ABRASIVE SHARPENER**

This application is a continuation of application Ser. No. 12/005,207 filed Dec. 26, 2007, now U.S. Pat. No. 8,221,199 issued Jul. 17, 2012, and claims benefit of the priority date of provisional application, Ser. No. 60/879,832 filed Jan. 11, 2007.

## BACKGROUND OF THE INVENTION

1. Field of the Invention

This invention relates in general to abrasive sharpeners and, more particularly, to a hand held, abrasive sharpener.

2. Summary of the Prior Art

Numerous designs for portable abrasive sharpeners for serrated and straight edge knives and the like are known in the prior art. Some of the designs for hand held sharpeners have employed more than one sharpening capability. Such known designs, however, have not combined multiple abrasive sharpening elements in a smart, hand held sharpener that can be readily transported and can produce highly effective sharpening results, whether to sharpen a straight edge or a serrated edge. In the past, opposed circular ceramic rods have been used in sharpeners. Because of the configuration the opposed abrasive surfaces are relatively spaced in a lateral direction. As a result of the foregoing spacing, serrated edges are not optimally sharpened. Accordingly, it is desirable in the prior art to provide an improved compact and economical abrasive device having multiple different abrasive elements and being capable of being portably transported in the pocket and the like of an individual.

## SUMMARY OF THE INVENTION

It is therefore an objective of this invention to provide an improved compact abrasive sharpener for knives and the like having multiple abrasive elements to sharpen a large variety of knives or other implements and a tool in field gun breakdown for civilian and military rifles for cleaning. The abrasive elements herein disclosed may be used to sharpen a large range of different knife designs, whether having straight or serrated edges and the like. The sharpener of the invention is easily transported by an individual from place to place and is hand held during a sharpening operation. At one abrasive station, the sharpener employs a pair of opposed blades at an upper slot, economically fabricated from steel and having carbide insert for economy of manufacture. Alternatively, the opposed blades can be constructed entirely from carbide. At a second abrasive station on the housing of the invention, a pair of a specialty shaped triangular ceramic stones having a flat shape are mounted in a juxtaposed relationship forming sloped opposed sharpening edges. The opposed edges of the pair of ceramic stones provide a generally continuous opposed sharpening edges for greater effectiveness in sharpening edges. The opposed overlapping ceramic stones are capable of sharpening both sides of the edge of a knife nearly simultaneously. The sharpening edges are further curved to provide better sharpening of serrated edges. Both the carbide blades and the ceramic stones have abrasive surfaces can be removed and reversed and both are capable of sharpening blades by bi-directional movement. A tapered abrasive rod is pivotally mounted on the body of the sharpener and is manually movable from a stowed position within the sharpener to an external extended position for use as a sharpening element or as a tool to remove pins from certain rifles for cleaning. The extended rod creates a free tip serving as a punch for manually dislodging pins from a military or civilian rifle for disassem-

bly for cleaning the rifle in a technique well known in the art. The sharpener of the invention is economical to manufacture and is effective in use.

## BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a back perspective view of the pocket abrasive sharpener of the invention;

FIG. 2 is a top plan view of the pocket abrasive sharpener of FIG. 1;

FIG. 3 is a back elevational view of the pocket abrasive sharpener of FIG. 1;

FIG. 4 is an end elevational view of the pocket abrasive sharpener of FIG. 1

FIG. 5 is a front elevational view of the pocket abrasive sharpener of FIG. 1 having a pivoted abrasive rod capable of being extended;

FIG. 6 is a bottom plan view of the pocket abrasive sharpener of FIG. 5;

FIG. 7 is a side elevational view of an abrasive blade having carbide insert;

FIG. 8 is a front elevational view of the pocket sharpener of FIG. 1;

FIG. 9 is a front elevational view of the ceramic stone of the abrasive sharpener of FIG. 1;

FIG. 10 is a side elevational view of the ceramic stone of FIG. 9;

FIG. 11 is a front elevational view of the body sharpener with retention member removed; and

FIG. 12 is a back elevational view of the retention member of the pocket abrasive sharpener of FIG. 1.

## DESCRIPTION OF THE PREFERRED EMBODIMENT

Referring now to FIGS. 1-6, there is illustrated the abrasive sharpener of the invention, generally designated by reference numeral 2. The pocket sharpener 2 has a body 4 formed by a pair of contacting body halves 6. The pair of halves 6 may be fabricated from a suitable plastic and are retained together to body 4 by an adhesive, welding, and the like and by a mechanical fastener received in hole 8a. A lanyard hole 8b is provided at the other end of housing 4. A recessed thumb depression 10 is formed on both of the body halves 6 at one end to form an area to allow the user to more firmly grip the sharpener during a sharpening task. A pair of lateral, side by side slots 12a, 12b, providing a pair of sharpening stations, are formed on the top of the body 4 to respectively receive overlapping offset flat blades having carbide abrasive edges and flat ceramic stones to be described later.

The bottom 20 of the sharpener body is open and forms a storage compartment 22 to receive abrasive rod 24 that extends upward to an abutment wall 6a formed by body halves 6. The abrasive rod 24 is tapered and is formed as a one piece member having a circular cross sectional shape generally along its length. The enlarged end of the rod 24 includes circular pivot member 24a and integral hollow plastic projection 24b to receive and mount the rod 24. A hole 26 on pivot member (not shown) receives a mechanical fastener in hole 8a. The rod 24 is formed from a metal material, such as steel, aluminum, and the like. Multiple layers of an abrasive grit, such as diamonds or other suitable abrasives, are provided on substantially all of the surface 24a' on the cylindrical tapered external surface and in the slot of the tapered rod 24 to attain sharp edges on a large number of implements to be sharpened after pivoting the tapered rod from storage in compartment 22 to an extended outward position in phantom as shown in FIG.

3

5. Access to the tapered rod 24 in body 4 is provided by lower cut-out areas 28 on both sides of the sharpener 2. Upon performing a sharpening task in its external position, the tapered rod 24 can easily be swung back into compartment 22 for storage. The tapered rod 24 may be used to sharpen both serrated and straight edges of knives and the like. The generally flat tip 25 of the tapered abrasive rod 24 is designed to be a pin punch for manual disassembly of certain rifles (not shown) for cleaning and the like. A respective pair of retention protrusions 22a, 22b is provided on the walls of storage compartment 22 at a first position above integral projection 24b when the rod 24 is disposed in the storage compartment and at a second position below the projection 24b when the rod 24 is fully pivoted for sharpening function. The respective pairs of protrusions 22a, 22b are spaced apart by a distance smaller than the diameter of projection 24b so that the projection snaps through the respective pair of protrusions 22a and 22b into the first storage position or the second sharpening position when the plastic projection 24 moves through a respective pair of protrusions which bias the projection 24b against adjacent of the body 4 for a rigid securement of the rod. The low friction plastic projection 24b reduces wear on the protrusions 22a, 22b. The protrusions 22a, 22b thus serve as retention elements in both the first and second position and either retains the rod 24 firmly in the storage position and in the extended position.

As seen in FIGS. 1, 3 and 5, a pair of abrasive blades 30a and a pair of offset ceramic stones 30b are respectively clamped together in upper slots 12a and 12b to form respective generally V-shaped sharpening areas 32a and 32b accessible from the top of body 4. The blades 30a are a pair of flat members having a substantial rectangular configuration having a beveled sharpening edge 34 as shown in FIG. 7 to create the V-shaped sharpening area 32a between the blades by the beveled edges 34 of the adjacent blades 32a being opposed to each other. In a technique to economize the cost of manufacture, the blades 32a are formed of less expensive material such as steel and includes carbide insert 36 to form beveled sharpening edge 34 mounted in the blade 30a and being exposed on beveled edge 34 to provide an abrasive sharpening surface in the V-shaped sharpening area 32a. It is within the scope of the invention to construct the blades 30a entirely out of carbide. The carbide sharpening edge 34 is ground flat on two sides to create a sharp 90° edge with abrasive carbide surfaces on the two sides for better sharpening consistency from both sides of the blades for bi-directional sharpening and for the capability of sharpening both sides of the knife edge at the same time. In the prior art a blade is only capable of being sharpened through one directional movement by of carbide blades.

The pair of stones 30b (FIGS. 3, 5, 9, and 11) are flat ceramic abrasive members generally having a body having a plurality of side portions 31a, 31b and 31c forming a triangular cross-sectional configuration with a sharpening edge portion 31c'. The pair of stones 30b are clamped in juxtaposition in overlapping relationship to provide the V-shaped sharpening area 32b in slot 12b, which is capable of sharpening both sides of a knife edge at the same time. It is within the scope of the invention to form the stones 30b with shapes other than the triangular configuration disclosed herein to achieve the objective of the invention of providing a pair of ceramic stones having cutting edges capable of sharpening both sides of the knife edge at generally the same time, while providing sufficient structural support of the abrasive cutting edges to sustain sharpening operations. The stones

4

30b further respectively include opposed flat faces 40 lying in a plane generally perpendicular to the plane of said plurality of side portions 31a, 31b, and 31c whereby the flat face 40 of one stone 30b contacts the flat face 40 of the adjacent stone 30b to situate the two abrasive edges 42 formed on edge portions 31c' of the contacting stones 30b with virtually no lateral spacing between them such as exists in prior art crossed circular ceramic rods. This close relationship with little spacing between the pair of abrasive edges 42 forming V-shaped area 32b provides for more effective sharpening. To increase this effectiveness, such as, for example, for sharpening knives having serrated edges, the abrasive edges 42 are formed with a slight curved radius 42a in cross-section generally along their width. It is within the scope of the invention to mount the blades 30a and the stones 30b alternatively in either of the slots 12a or 12b. Both the blades 30a and stones 30b are removable as will be described for replacement or to reverse the respective pairs of blades and/or stones.

Referring now to FIGS. 3, 5, 8, 11, and 12, the mounting of the blades 30a and stones 30b is best shown. A retention member 50 is removeably mounted on the front body half 6. A screw (not shown) through 52a, 52b secures the retention member 50 to a portion of the rear body half 6. Upon removal of the screw, the retention member 50 may be lifted upward from body 4. As seen in FIG. 11 with the retention member 50 removed, the front wall half 6 is cut out in a shape 6a corresponding to the configuration of the retention member 50. The rear body half 6 is formed with a pair of slots 6c, 6d as shown FIG. 12. A sloped shoulder 54 is formed on rear body half 6 to support a surface 60 (FIGS. 9 and 10) of one of the pairs of ceramic stones 30b. As seen in FIG. 9 the retention member 50 is substantially a flat member having slots of 50a and 50b, which, when mounted on body 4, are aligned with slots 12a, 12b. The retention member 50 further includes outward narrow edges 62 to slide into retention slots (not shown) in the front body half 6. A sloped shoulder 64 is formed adjacent to slot 12b to contact with the surface 60 of the second of the pairs of ceramic stones 30b. Thus, when the retention member 50 is mounted, the carbide blades 30a and ceramic stones 30b are firmly clamped between the inner surfaces of the retention member 50 and the upper portion of rear body half 6.

What is claimed is:

1. An abrasive sharpener comprising

a housing having at least one slot,

a pair of abrasive elements being mounted in juxtaposition relationship in said at least one slot to form opposed abrasive surfaces for sharpening,

said housing having an open compartment,

an elongated abrasive rod having an end portion being pivotally mounted on a portion of said housing for movement between a stowed position within said compartment to an outward extended position for sharpening,

said housing having a pair of spaced walls adjacent said open compartment, said spaced walls having at least one protrusion extending into said open compartment at a first position and creating a reduction in the width between said pair of spaced walls generally to contact said abrasive rod to retain said abrasive rod in said extended position for sharpening and permit selective movement of said abrasive rod between said extended position and said stowed position, and

US 8,512,105 B2

5

said spaced walls further having at least one protrusion extending into said open compartment at a second position and creating a reduction in the width between said pair of spaced walls generally to contact said abrasive rod to retain said abrasive rod in said stowed position within compartment and permit selective movement of said abrasive rod between said stowed position and said extended position.

2. The abrasive sharpener according to claim **1** wherein said at least one protrusion disposed at either said first position or said second position are a plurality of protrusions extending into said compartment.

3. The abrasive sharpener according to claim **2** wherein said abrasive rod is tapered.

4. The abrasive sharpener according to claim **1** wherein said abrasive rod has respective cross-sections of predetermined widths adjacent said at least one protrusion at said first position and said second position, said at least one protrusion at said first position and second position extend into said compartment and reduce the width of said compartment generally by a distance less than said respective predetermined widths of said abrasive rod for respectively retaining said abrasive rod within said compartment and for retaining said abrasive rod in said extended position.

5. The abrasive sharpener according to claim **1** wherein said rod has a low friction surface for contacting said at least one protrusion at said first position and said second position during said movement between said stowed position and said extended position.

6

6. An abrasive sharpener comprising

a housing having at least one slot,

a pair of abrasive elements being mounted in a juxtaposition relationship in said at least one slot to provide generally V-shaped opposed abrasive surfaces for sharpening,

said housing having an open bottom compartment,

an elongated abrasive rod being pivotally mounted on a lower portion of said housing for movement between a stowed position within said housing to an outward extended position for sharpening,

said housing having a pair of spaced walls adjacent said open bottom compartment, said spaced walls respectively having a plurality of protrusions extending into said compartment in a spaced relationship to each other within said compartment, said elongated rod having a generally circular cross-section of a predetermined diameter adjacent said protrusions, and

some of said plurality of protrusions being spaced by a distance less than said predetermined diameter of said abrasive rod for retaining said abrasive rod in said extended position and permitting movement through said some of said plurality of protrusions when said abrasive rod is pivoted to said extended position, and

other of said plurality of protrusions being spaced by a distance less than said predetermined diameter of said abrasive rod for retaining said abrasive rod in said stowed position and permitting movement through said other of said plurality of protrusions when said abrasive rod is pivoted to said extended position.

*  *  *  *  *

# EXHIBIT B



ACCU SHARP

4-in-1 Knife & Tool
**SHARPENER**

Sharpens all types of edges



COARSE





FORTUNE
PRODUCTS

- Aggressive coarse carbide sharpens all types of steel
- Fine ceramic hones and polishes your edge
- Retractable diamond products for professional sharpening

# EXHIBIT C



LAW OFFICES

# EDWARD D. GILHOOLY & ASSOCIATES

SUITE 440
53 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS  60604

PATENTS
TRADEMARKS
COPYRIGHTS
AND
RELATED MATTERS

September 6, 2013

TELEPHONE
(312) 362-1734

FACSIMILE
(312) 362-1946

E-MAIL
egilhooly@ameritech.net

BY USPS OVERNIGHT EXPRESS MAIL

Mr. Jay Cavanaugh
FORTUNE PRODUCTS, INC.
2010A Windy Terrace
Cedar Park, TX 78613

Re:     **Smith's Knife Sharpeners**

Dear Sir:

We represent Smith's Consumer Products, Inc. of Hot Springs, Arkansas in intellectual property matters.  It has come to our attention that your company is promoting, selling, and distributing a knife sharpener under the trademark ACCUSHARP in the United States.  This referenced ACCUSHARP product includes, among other features, a pair of upper sharpening slots and a lower pair of pivotally mounted abrasive elements.

As you may be aware, our client has developed and currently sells and distributes a popular knife sharpener in the United States under the trademark POCKET PAL.  For your information, Smith's Consumer Products has taken steps to protect its valuable intellectual property rights in its unique Pocket Pal construction on an International basis, which includes U.S. Pat. No. 8,221,199 issued July 17, 2012 and U.S. Pat. No. 8,512,105 issued August 20, 2013 (copies of both patents enclosed).

We ask that your company review its above identified product in light of the foregoing information and provide us with a prompt reply.  Thank you for your anticipated attention to this matter.  If you have any questions, please do not hesitate to contact us.

Sincerely yours

*Edward D Gilhooly*

Edward D. Gilhooly

EDG/eg
Enclosure

EI35562346 2US

# EXHIBIT D



LAW OFFICES

## EDWARD D. GILHOOLY & ASSOCIATES

SUITE 440
53 WEST JACKSON BOULEVARD
CHICAGO, ILLINOIS 60604

PATENTS
TRADEMARKS
COPYRIGHTS
AND
RELATED MATTERS

October 4, 2013

TELEPHONE
(312) 362-1734

FACSIMILE
(312) 362-1946

E-MAIL
egilhooly@ameritech.net

BY USPS OVERNIGHT EXPRESS MAIL

Mr. Jay Cavanaugh
FORTUNE PRODUCTS, INC.
2010A Windy Terrace
Cedar Park, TX 78613

**Re:**    **Smith's Knife Sharpeners**

Dear Sir:

In correspondence to you dated September 6, 2103, we advised you that our client, Smith's Consumer Products, Inc. of Hot Springs, Arkansas, is the owner of U.S. Pat. No. 8,221,199 issued July 17, 2012 (hereinafter the "'199 patent") and U.S. Pat. No. 8,512,105 issued August 20, 2013 (hereinafter the "'105 patent"), copies of which are enclosed for your reference. We note that you have not responded to our letter of September 9, 2103 and deem it necessary to send this notice to protect the rights of our client.

On your company's website, it is noted that Fortune Products, Inc. advertises and sells at least two models of a knife and tool sharpener, specifically referred to as "AccuSharp 4-in-1 Knife and Tool Sharpener-Orange (028)" and "AccuSharp 4-in-1 Knife and Tool Sharpener-Black (029)". Upon review of the foregoing knife and tool sharpeners on your website and an inspection of the features of one of your actual products embodying the foregoing advertised design, it is our opinion that these particular products have infringed and will continue to infringe one or more claims of the previously identified '199 patent and the '105 patent of our client.

As a result of your company's acts of infringement as specified herein, Smith's Consumer Products, Inc. has and will continue to sustain irreparable injury.

For these reasons, our client demands that Fortune Products, Inc. and any of its subsidiaries or related entities immediately cease and desist the importation, manufacture, promotion and sale of said 4-in-1 knife and tool sharpeners. In the event that your company does not respond within fourteen (14) days of the receipt of this notice and advise us of its cessation of the acts of infringement of the Smith's patents, our client will take whatever action is required to protect its valuable intellectual property rights. We look forward to hearing from you in this matter.

LAW OFFICES

## EDWARD D. GILHOOLY & ASSOCIATES

Mr. Jay Cavanaugh
FORTUNE PRODUCTS, INC.
October 4, 2013
Page 2

Sincerely yours

Edward D. Gilhooly

EDG/eg
Enclosure

# EXHIBIT E

(12) **United States Patent**   (10) Patent No.: **US 7,553,220 B2**

Smith   (45) **Date of Patent:**   **Jun. 30, 2009**

(54) **RETRACTABLE ABRASIVE SHARPENER AND CARRYING CASE**

(75) Inventor: **Richard S. Smith**, Hot Springs, IL (US)

(73) Assignee: **Smith Abrasives, Inc.**, Hot Springs, AR (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 0 days.

(21) Appl. No.: **11/974,195**

(22) Filed: **Oct. 11, 2007**

(65) **Prior Publication Data**

US 2008/0132159 A1    Jun. 5, 2008

**Related U.S. Application Data**

(63) Continuation of application No. 11/301,358, filed on Dec. 13, 2005, now abandoned, which is a continuation of application No. 11/065,268, filed on Feb. 25, 2005, now abandoned.

(51) **Int. Cl.**
**B24B 19/00**    (2006.01)

(52) **U.S. Cl.** ........................ **451/451**; 76/81.3; 451/461; 451/523; 451/45

(58) **Field of Classification Search** .................... 76/81, 76/81.3, 81.4, 81.5, 81.8, 82, 84; 451/45, 451/523, 524, 552, 556, 917, 451, 461

See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

201,115 A * 3/1878 Lombard .................... 451/540

| | | | | |
|---|---|---|---|---|
| 618,880 | A | 2/1899 | Humphrey | |
| 1,394,927 | A * | 10/1921 | Martin ........................... | 76/84 |
| 2,125,566 | A | 8/1938 | Hill | |
| 2,194,525 | A | 3/1940 | Nordberg | |
| 2,418,430 | A | 4/1947 | Schief | |
| 2,948,167 | A | 8/1960 | Spano | |
| 3,436,870 | A * | 4/1969 | Sellman ...................... | 451/540 |
| 3,718,938 | A | 3/1973 | Blume | |
| 3,735,542 | A | 5/1973 | Kocian | |
| 3,861,087 | A * | 1/1975 | Martin | |
| 4,069,528 | A * | 1/1978 | Newton et al. ................. | 7/170 |
| 4,094,106 | A * | 6/1978 | Harris ........................ | 451/555 |
| 4,197,677 | A * | 4/1980 | Graves ....................... | 451/555 |
| 4,558,540 | A | 12/1985 | Collins | |
| D297,209 | S * | 8/1988 | Cohen ........................... | D8/91 |
| 5,520,574 | A | 5/1996 | Wilson | |
| 5,594,966 | A | 1/1997 | Goldman | |
| D461,386 | S * | 8/2002 | Ray ............................... | D8/93 |
| 6,676,490 | B1 | 1/2004 | Kendhammer | |
| 2004/0213623 | A1 | 10/2004 | McLaughlin | |

* cited by examiner

*Primary Examiner*—Timothy V Eley

(74) *Attorney, Agent, or Firm*—Edward D. Gilhooly

(57) **ABSTRACT**

A hand held retractable abrasive sharpener having a rod formed with a tapered end portion and a partially cylindrical opposite end portion. A part of the partially cylindrical opposition end portion is flat. A slot is formed in the rod. Substantially all of the outer surfaces include layers of the rod have an abrasive material. The rod is carried in a carrying case for transport and storage in a locked relationship and being capable of being released and withdrawn for sharpening with carrying case serving as a holder.

**6 Claims, 5 Drawing Sheets**





FIG.1



FIG.2



FIG.3

FIG.4

FIG.5



FIG.6



## FIG.7A



## FIG.7B

US 7,553,220 B2

| 1 | 2 |

**RETRACTABLE ABRASIVE SHARPENER
AND CARRYING CASE**

This application is a continuation of non-provisional application, Ser. No. 11/301,358 filed Dec. 13, 2005, now abandoned, which is a continuation of non-provisional application Ser. No. 11/065/268 filed Feb. 25, 2005, now abandoned.

BACKGROUND OF THE INVENTION

1. Field of the Invention
This invention relates in general to abrasive sharpeners and, more particularly, to a hand held retractable sharpener for knives, tools, fishing hooks, and the like.

2. Summary of the Prior Art
Many prior art designs have been developed for manually sharpening numerous implements, including knives, tools, fishing hooks, serrated edges and the like. There exists a need in the prior art for an economical sharpener that effectively sharpens knives, tools, fishing hooks and the like at any location. Many prior art sharpeners are inconvenient to use and do not provide for easy transport and storage. It is therefore desirable in the prior art to provide a hand held sharpener capable of quality sharpening of all kinds of knives including serrated edges, a wide range of tools, and fishing hooks utilizing a retractable, easy to carry design.

SUMMARY OF THE INVENTION

It is therefore an objective of the invention to provide an improved, hand held retractable sharpener and carrying case capable of giving a razor sharp edge to all kinds of knives, tools, and fishing hooks. The sharpener herein is compact and easily carried on one's person, such as in a shirt or other pocket, or in any transport means. The sharpener of the invention is provided with a durable shaping rod having a round partially cylindrical section and flat surface for sharpening flat or serrated edges, and an opposite tapered conical like section primarily intended for serrated edges. The rod is carried in a hollow carrying case for ease of transport. The rod is secured in the hollow carrying case by a locking mechanism having a tightening cap that retains the rod in the carrying case in a first storage and transport position and in a second sharpening position. In the sharpening position, the carrying case serves as grip able holder in a sharpening mode. The cylindrical section of the rod is provided with a slot for sharpening fishing hooks. Multiple layers of diamond grit abrasives are applied to all surfaces of partial cylindrical section, including the flat surface and the slot, and the tapered section.

BRIEF DESCRIPTION OF THE DRAWINGS

FIG. 1 is a front perspective view of the hand held retractable abrasive sharpener with the sharpening rod and carrying case in a separated configuration;
FIG. 2 is a side elevational view of the abrasive sharpener of FIG. 1 with the rod and carrying case in a separated configuration;
FIG. 3 is a perspective side view of the abrasive sharpener of FIG. 1 being used to sharpen a generally flat edge knife;
FIG. 4 is a perspective side view of the abrasive sharpener of FIG. 1 being used to sharpen a fishing hook;
FIG. 5 is a perspective side view of the abrasive sharpener of FIG. 1 being used to sharpen a knife having a serrated edge;
FIG. 6 is a bottom perspective view of the abrasive sharpener of FIG. 1 showing the slot of the rod;

FIG. 7A is a side elevational view, with parts in section, of the cap locking mechanism in a released configuration; and
FIG. 7B is side elevational view, with parts in section, of the cap locking mechanism in a locked configuration.

DESCRIPTION OF THE PREFERRED
EMBODIMENT

Referring now to FIGS. 1, 2, and 3 there illustrated the hand held retractable abrasive sharpener of the invention, generally designated by reference numeral 2. In separated form as shown in FIGS. 1, 2, and 3, the carrying case 4 is shown and with be described later. The abrasive sharpener 2 includes a solid, one piece rod 6 that is formed from a metal material, such as steel, aluminum, and the like. The rod 6 possesses an end section 8 in a tapered shape commencing from a maximum outer diameter at area 8a and terminating in a near pointed end 8b. The end section 8 is formed in a frusto-conical or near conical configuration to define the tapered shape and form outer surface 8c.

The opposite end section 12 possesses a partial cylindrical configuration provided forming outer surface 12a and a longitudinally extending flat surface 14 (FIGS. 2 and 3). A cylindrical mid-section 16 separates the tapered end section 8 from the opposite, partially cylindrical opposite end section 12. As seen in FIGS. 4 &6, an elongated slot 18 is provided longitudinally along the surface of end section 12. Multiple layers of an abrasive grit, such as diamonds or other suitable abrasives, are provided on substantially all of the surface 8c of the tapered end section 8, the surface 12a of partial cylindrical section, on flat surface 14 of end section 12, and in the slot 18 to provide multiple abrasive sharpening surfaces for attaining sharp edges on the edges of a large number of implements to be sharpened.

In FIGS. 1, 2, and 3 the carrying case 4 is shown as a hollow cylindrical tube 20 having an open end 30 for receiving a portion of rod 6 and a closed opposite end 32. The cap 6 may be formed from a metal, plastic, or like material. The tube 20 is provided with a shirt clip 34 for easy storage and a serrated band 36 for rotating or gripping the tube 20. In storage and transport, the rod 6 is substantially inserted into the carrying case 6 with a portion, generally the cylindrical end section 12, of the rod 4 projecting a small distance outward from tube 4 (not shown).

Referring to FIGS. 7A and 7B, the locking and release mechanism 40 of the invention is shown. The end portion 42 of carrying case 4 is provided with outer threaded section 44 having a plurality of open ended slots 46, such as four slots. A hollow metal screw down cap 48 having internal threads 50 rotatably engages thread section 44 of the carrying case 6. The circumferentially extending outer surface 52 of the cap 48 is provided with serrated outer gripping surface to allow the cap to be rotated from a tightened lock position to retain the rod 6 within carrying case 4 as shown in FIG. 7B to a rod release position in FIG. 7A. As seen in FIGS. 7A and 7B, the outer peripheral section 54 surrounding rod 6 is wider and projects somewhat inward toward the outer threaded section 44 of the carrying case 4 to allow the cap to grip the rod 4 as the cap 48 is tightened down. This tightening is achieved by the slots 46 being compressed by the peripheral section 54 as seen at section 54a. The rod 4 can be released by rotating the cap 48 in the opposite direction to the release position of FIG. 7A at which the slot end portions expand to allow relative movement between the rod 6 and carrying case 4.

In use of the sharpener 2, the rod 6 is released from its carrying position and is pulled out a desired length from the carrying case 4 after which the cap 48 is rotated to retighten

US 7,553,220 B2

**3**

the rod **6** to perform a sharpening operation. Upon being tightened with sharpening end sections **8** or **12** selectively exposed, it will be apparent that the carrying case **4** serves also as a holder during a sharpening process. Dependent on which end section is desired to be exposed for sharpening, the rod **6** may be completely removed from the carrying case **4** and reinserted to expose the opposite end sections **8** or **12** as needed.

Referring to FIG. **3**, the sharpening of a flat edge of knife **80** is illustrated. With the carrying case **4** gripped by one hand and the knife **60** gripped by the other hand, either the tapered end **10** or round end **12**, the latter preferred for flat edge knives, the rod **6** is tightened against movement in carrying case **4** exposing rod section **8** or **12**. The knife **80** is then drawn down at a desired angle in contact with the abrasive surface to the end of the rod and for safety away from the carrying case **6**. This procedure is repeated for desired sharpening results. In FIG. **4**, the sharpening of serrated edges of knife **82** is shown using tapered end section **8** in an exposed position. The side of the knife **62** and the like should be sharpened with the knife at a desired angle and with the rod **6** being moved manually back and forth until sharp. In FIG. **5**, a fishing hook **86** can be sharpened by placing it in the slot **18** and moving it back and forth. The foregoing uses are only described for illustration and the invention is not intended to be so limited. The edges of other knives, tools, hooks, or other implements may be also sharpened with the same or different sharpening techniques than as specifically illustrated in FIGS. **3**-**5**.

What is claimed is:

1. A hand held abrasive sharpener comprising
a rod extending along a longitudinal axis and having a first end section extending along said longitudinal axis,
said first end section having a tapered, generally conical configuration;
an opposite end section extending from said first end section along said longitudinal axis, said opposite end section having at least a partially cylindrical configuration and a flat surface integral with said partially cylindrical configuration, said flat surface extending along said longitudinal axis,
said first end section and said opposite end section respectively having abrasive surfaces on said tapered configuration, said cylindrical configuration, and said flat configuration for sharpening edges;
a carrying case for carrying said rod in a secured or release position, said carrying case having a locking mechanism means for releasably securing said rod to said carrying

**4**

case for transport at a partially projected position within said carrying case with said first end section or said opposite end section projecting solely from said carrying case with said opposite end section or said first end section being positioned within said carrying case, and said rod having a cylindrical portion positioned generally intermediate of said rod between said first end section and said opposite end section along said longitudinal axis, said cylindrical portion contacting said locking means in said secured position.

2. The sharpener according to claim **1** wherein said rod includes a longitudinal open slot for sharpening other edges.

3. The sharpener according to claim **1** wherein said carrying case acts as a holder for a sharpening operation in said secured position of said rod.

4. The sharpener according to claim **1** wherein said locking mechanism has a cylindrical hollow cap having internal threads, said carrying case having an open end section for receiving said rod, said open end section having external threads for engaging said internal threads of said cap, said cap being moveable on said external threads from a position securing said rod to said carrying case to a position releasing said rod for movement relative to said carrying case.

5. The sharpener according to claim **4** wherein said open end section includes open slots, said slots being compressible to cause said carrying case to grip said rod in said secured configuration.

6. A hand held abrasive sharpener comprising
a rod extending along a longitudinal axis and having a first end section extending along said longitudinal axis,
said first end section having a tapered, generally conical configuration and having an abrasive outer surface;
an opposite end section having at least a partially cylindrical configuration and an integral flat surface extending along said longitudinal axis; said cylindrical configuration and said flat surface having abrasive outer surfaces,
said rod having a cylindrical portion positioned generally intermediate of said rod between said first end section and said opposite end section along said longitudinal axis,
a holder for said rod, and
said holder has a locking mechanism for releasably securing said rod to said carrying case in a tightened lock position at a projected position for a sharpening operation, said locking mechanism contacting said cylindrical portion in said tightened locked position.

* * * * *

# EXHIBIT F



ACCU SHARP

# Diamond
# ROD SHARPENER

• Unbreakable
  diamond-coated
  steel rod sharpens
  all kinds of knives,
  even serrated
• Sharpening groove
  for all kinds of hooks
• Retractable with a
  shirt pocket clip for
  easy storage

ACCU SHARP

# Diamond
# ROD SHARPENER

• Unbreakable • Retractable

• Unbreakable
  diamond-coated
  steel rod sharpens
  all kinds of knives,
  even serrated
• Sharpening groove
  for all kinds of hooks
• Retractable with a
  shirt pocket clip for
  easy storage

# EXHIBIT G





### SHARPENING INSTRUCTIONS

Locate the install screw cap and pull the diamond rod to the desired length. Tighten the screw cap to secure the rod in place. Sharpening lubricant is optional.

**SHARPENT EDGE** – Use half round end of diamond rod.
1. Place heel of the blade on the diamond rod close to the screw cap. Hold blade at preferred sharpening angle.
2. While applying light pressure, draw the knife down toward you toward the point so that the tip of the blade comes off the end of the rod (Fig. 1). Repeat 3 or 4 times.
3. To sharpen the other side of the blade, place your knife on the far end of the diamond rod and pull the blade towards you. Again, draw the tip of the blade off the end of rod (Fig. 1).
4. Repeat process until blade is sharp.

**SERRATED EDGE** – Use the tapered end of the diamond rod to sharpen.
1. Place tapered end of the diamond rod into serrated section. Hold rod at preferred sharpening angle. Only sharpen the side of each blade with serrations.
2. Push rod through the serration while applying light pressure and rolling the rod as you push. Repeat until serration's cutting edge is polished (Fig. 2).
3. Repeat for each serration.

### SHARPENING GROOVE
Place the hook or tool into the groove and rub the point of the hook or tool back and forth with taper end.

### CARE & STORAGE
Always clean the diamond rod after use and before storing. Store rod in handle with tapered end down.

---

### INSTRUCTIONS D'AFFÛTAGE
Dévisser la vis en relief et tirer la tige de diamant à la longueur désirée. Serrer la vis pour la tige en place. Huilant est facultatif optionnelle.

**LAME À VIF** – Utiliser la tige ronde du demi rond arrondi.
1. Placer le talon de la lame sur la tige en diamant près de la vis clic. Tenez la lame à l'angle d'affûtage préférée.
2. Tout en appliquant une légère pression, amener le couteau bas de vous vers l'extrémité de la lame de sorte que la pointe de la lame se détache (Fig. 1). Répéter de la tige (Fig. 1). Répétez 3 ou 4 fois.
3. Pour aiguiser l'autre côté de la lame, placez votre lame sur le bout de la tige de diamant et tirez la lame vers vous. Répéter 3 ou 4 fois.
4. Répéter le processus jusqu'à ce que la lame soit tranchante.

**LAME DENTELÉE** – Utilisez l'extrémité conique de la tige de diamant pour aiguiser.
1. Placer l'extrémité conique de la tige de diamant dans la section dentelée. Maintenir la tige à l'angle d'affûtage préféré. Aiguisez que le côté de chaque lame avec les dents.
2. Poussez la tige par la dentelure tout en appliquant une légère pression tout en tournant (Fig. 2).
3. Répéter l'opération pour chaque dentelure.

### RAINURE D'AFFÛTAGE
Placer l'hameçon ou un outil dans la rainure et frotter la pointe de l'hameçon ou de l'outil à l'aide de l'extrémité conique avec l'extrémité conique.

### SOIN & RANGEMENT
Toujours nettoyer la tige du diamant après usage et avant de le ranger. Rangez la tige en bas.

---

### INSTRUCCIONES PARA AFILAR
Afloje la tapa metálica con rosca y saque la varilla de diamante para darle el largo deseado. Apriete la tapa metálica con rosca para asegurar que la varilla no se mueva. Lubricante es opcional.

**FILO RECTO** – Utilice la sección media curva de la barra del diamante.
1. Coloque el talón de la cuchilla en la varilla de diamante más cercana a la tapa atornillada. Sostenga la hoja el ángulo preferido de afilado.
2. Mientras aplica una ligera presión, empuje el cuchillo hacia el otro extremo de la varilla. Baje el cuchillo para que la punta de la cuchilla salga del extremo de la varilla (Vea la fig. 1) Repita de hoja tres a cuatro veces.
3. Para el otro lado de la cuchilla, coloque la cuchilla en el otro extremo de la varilla de diamante y jale la cuchilla hacia usted (Vea el otro de aseguridad). De nuevo, jale la punta de la cuchilla hacia que salga de la varilla y repita tres a cuatro veces.
4. Revise el proceso hasta que la cuchilla esté afilada. Trate de mantener un ángulo constante con cada golpe.

**FILO DENTADO** – Para mejores resultados use el extremo afilado de la varilla de diamante. Sólo afile la lado, serrado de la cuchilla.
1. Coloque el extremo afilado de la varilla de diamante en los dientes seleccionados. Sostenga la varilla en ángulo preferido.
2. Empuje y ruede la barra ligeramente a través de la hoja del filo serrado o gancho para afocarse (Vea la fig. 2).
3. Repitan para cada diente.

### RANURA AFILADA
Coloque el gancho o la herramienta en la ranura y frote la punta del gancho o de la herramienta hacia adelante y hacia atrás hasta que tenga filo. (Vea la fig. 3)

### CUIDADO Y ALMACENAMIENTO
Siempre limpie la varilla de diamante después de usarla y antes de almacenarla. Almacene la varilla dentro del mango con la punta afilada hacia abajo.

---

Various patents may apply
Divers brevets peuvent s'appliquer
Varias patentes pueden aplicar

Designed in the USA, Made in China.
Conçu aux États-Unis, Fabriqué en Chine
Diseñado en EE.UU., Hecho en China

Smith's® • 747 Mid-America Boulevard
Hot Springs, Arkansas 71913-8414 USA
501-321-2244 • www.smithsedge.com

ITEM # DRET  C11236.001

0 27929 10126 7

# EXHIBIT H



ACCU SHARP

**Diamond
ROD SHARPENER**

Unbreakable • Retractable

- Unbreakable
  diamond-coated
  steel rod sharpens
  all kinds of knives,
  even serrated
- Sharpening groove
  for all kinds of hooks
- Retractable with a
  shirt pocket clip for
  easy storage

ACCU SHARP

**Diamond
ROD SHARPENER**

Unbreakable • Retractable

- Unbreakable
  diamond-coated
  steel rod sharpens
  all kinds of knives,
  even serrated
- Sharpening groove
  for all kinds of hooks
- Retractable with a
  shirt pocket clip for
  easy storage

JS 44 (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Smith's Conusmer Products, Inc. d/b/a Smith Abrasives, Inc.

## DEFENDANTS

Fortune Products, Inc.

**(b)** County of Residence of First Listed Plaintiff  Garland County, AR
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

NOTE:

RECEIVED
FEB 18 2014
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Terrell R Miller and Michael W Dubner; Gardere Wynne Sewell LLP,
1601 Elm St., Ste 3000, Dallas, TX 75201; 214-999-3000

Attorneys *(If Known)*

3-14CV0627-N

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Product Liability | | 28 USC 157 | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | Liability | ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Product Liability | | ☒ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted | Liability | ☐ 368 Asbestos Personal | | ☐ 840 Trademark | Corrupt Organizations |
| Student Loans | ☐ 340 Marine | Injury Product | | | ☐ 480 Consumer Credit |
| (Excl. Veterans) | ☐ 345 Marine Product | Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract | Product Liability | ☐ 380 Other Personal | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Property Damage | ☐ 751 Family and Medical | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise | Injury | ☐ 385 Property Damage | Leave Act | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury - | Product Liability | ☐ 790 Other Labor Litigation | | Act |
| | Med. Malpractice | | ☐ 791 Empl. Ret. Inc. | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | Security Act | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate | | or Defendant) | Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting | Sentence | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | **Habeas Corpus:** | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/ | ☐ 530 General | | | State Statutes |
| ☐ 245 Tort Product Liability | Accommodations | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | |
| | Other | ☐ 560 Civil Detainee - | (Prisoner Petition) | | |
| | ☐ 448 Education | Conditions of | ☐ 465 Other Immigration | | |
| | | Confinement | Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
35 USC 271
Brief description of cause:
Patent infringement, trade dress, and copyright claims

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) PENDING OR CLOSED:

*(See instructions:)*   JUDGE                          DOCKET NUMBER

DATE
02/18/2014

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #         AMOUNT         APPLYING IFP         JUDGE         MAG. JUDGE